[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16103
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 23, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-80056-CR-DMM


UNITED STATES OF AMERICA,

                                                            Plaintiff-Appellee,

                              versus

REYNALDO CASTILLO,

                                                            Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 23, 2010)

Before EDMONDSON, BLACK, and ANDERSON, Circuit Judges.

PER CURIAM:

Reynaldo Castillo appeals his convictions for firearms offenses, 26 U.S.C. § 5861(d), (f), and (i). No reversible error has been shown; we affirm.

Castillo was charged, in pertinent part, with possessing illegally (1) an unregistered short-barreled rifle not identified by a serial number and (2) a machine gun receiver. Castillo's parole officer discovered these items and other firearms in the downstairs bedroom of Castillo's residence, where Castillo lived with his mother. Castillo maintained that the items were not his and that they belonged to his friend who had been staying in the downstairs bedroom. Castillo claimed that he had moved from the downstairs bedroom to an upstairs bedroom so that the friend could use the downstairs bedroom. But Castillo's friend had left a few days before the police search, and Castillo had later been unable to reach him.

The investigation into Castillo's unlawful gun possession stemmed from an alert law enforcement officers received about Castillo's MySpace web page. The officers were alerted by the mother of Castillo's ex-wife. The web page showed a photograph of Castillo wearing a ski mask, holding an assault rifle, and displaying his middle finger. The web page also contained statements, containing expletives and threats, directed at Castillo's ex-wife and her family. The district court

2

admitted the web page evidence at trial, concluding that the web page was probative of Castillo's possession of the guns in the indictment.[1]

On appeal, Castillo argues that the district court abused its discretion by admitting the web page into evidence because, under Fed.R.Evid. 403, the evidence was unduly prejudicial and tended to inflame the jury. We review a district court's decision of whether to exclude evidence under Rule 403 for an abuse of discretion. United States v. Jernigan, 341 F.3d 1273, 1284 (11th Cir. 2003).

Rule 403 provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." In interpreting Rule 403, we "look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." Jernigan, 341 F.3d at 1284; see also United States v. Church, 955 F.2d 688, 703 (11th Cir. 1992) (describing Rule 403 as having a "strong presumption in favor of admissibility").

We agree with the district court that the web page was probative of Castillo's possession of the illegal firearms. One of Castillo's defenses was that

---

[1]The gun in the Myspace web page photograph appeared to be an AR-15 assault rifle. An AR-15-style rifle matching the rifle pictured in the photograph was discovered among the illegal firearms in Castillo's residence. Possession of the AR-15 rifle was not charged in the indictment.

the firearms found at his residence had belonged to someone else and that Castillo had not possessed them. The web page picture indicated that Castillo knowingly possessed the assault rifle in the photograph. Castillo's knowing possession of the AR-15 rifle stored (along with the charged illegal firearm) at his residence tended to make his possession of the illegal firearms -- a fact of consequence -- more probable than it would be without the evidence. See Fed.R.Evid. 401. So, the web page was probative of the issue at trial: whether Castillo knowingly possessed the illegal firearms.

The web page contained prejudicial contents, including Castillo making an obscene gesture, profanity, insults, and possible threats directed toward Castillo's ex-wife and her family. While Castillo argues that the issue of domestic abuse likely inflamed the jury, the court explained to the jury that it was not trying a case that involved domestic violence and that such an issue did not bear on the issue the jury had to decide in Castillo's case. The district court, thus, directed the jury towards the evidence's probative value and away from its prejudicial aspects: and the court was in the best position to evaluate the evidence's value. See Jernigan, 341 F.3d at 1285 (explaining that "the district court is uniquely situated to make nuanced judgments on questions that require the careful balancing of fact-specific

4

concepts like probativeness and prejudice").[2]

In maximizing the probative value of the MySpace web page and minimizing its prejudicial impact, the danger of undue prejudice did not outweigh substantially the web page's probative value. We cannot say that the district court abused its discretion in admitting the evidence.

Castillo also argues that the district court abused its discretion by allowing the government to present rebuttal evidence on a matter that was raised by the government on cross-examination of Castillo, but not on his direct-examination. The rebuttal evidence was in this form: the testimony of a law enforcement officer about a phone call made by Castillo to his mother while he was incarcerated and the transcript of the recorded telephone conversation. In the conversation, Castillo tells his mother (in a coded language) to erase photographs from a computer. The photographs included a photograph of a pistol. "We review a district court's evidentiary rulings for clear abuse of discretion." United States v. Perez-Oliveros, 479 F.3d 779, 783 (11th Cir. 2007); see also United States v. Gold, 743 F.2d 800, 818 (11th Cir. 1984) ("the decision to permit rebuttal testimony is one that resides in the sound discretion of the trial judge").

_____

[2]Castillo argues that the government, during its closing argument, directed the jury's attention to prejudicial aspects of the evidence. But the government's comment during closing argument did not bear on the district court's pretrial Rule 403 ruling.

The district court abused no discretion in allowing the government to present rebuttal evidence about Castillo's telephone conversation. Castillo admitted, on the government's cross-examination of him, that he spoke to his mother on the telephone while he was incarcerated. But he denied telling her to get rid of photographs on the family's computer that depicted him with firearms. Thus, the transcript of the conversation contradicted Castillo's testimony during cross-examination. Although Castillo's statement was made during cross-examination, instead of during his direct testimony, the district court did not abuse its discretion in admitting the evidence. See id. (concluding that a district court abused no discretion in allowing rebuttal evidence that contradicted a statement that defendant made on cross-examination, even though the evidence did not rebut anything defendant had presented in her defense); see also United States v. Delk, 586 F.2d 513, 516 (5th Cir. 1978) ("the purpose of rebuttal testimony is to explain, repel, counteract, or disprove the evidence of the [a]dverse party").

AFFIRMED.